IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:04CV177-1-MU

THOMAS DEAN CARSON,            )
                               )
        Petitioner,            )
                               )
    v.                         )         **O R D E R**
                               )
WILLARD JOBE, supt.,           )
                               )
        Respondent.            )
_____)

**THIS MATTER** comes before the Court upon Respondent's Motion for Summary Judgment (Doc. No. 3), filed October 18, 2004, and Petitioner's Cross Motion for Summary Judgement (Doc. No. 8), filed November 10, 2004.

Upon a review of the record, the arguments, and applicable authorities, the Court finds that Respondent's Motion for Summary Judgment (Doc. No. 3) should be granted, Petitioner's Cross Motion for Summary Judgment (Doc. No. 8) should be denied, and Petitioner's § 2254 petition for Writ of Habeas Corpus (Doc. No. 1) should be dismissed.

**PROCEDURAL BACKGROUND**

On April 2, 1996, Petitioner was convicted in the Superior Court of McDowell County, after a trial by jury, of first degree murder under the felony murder rule and of discharging a firearm into occupied property. Because Petitioner was convicted of first degree murder based upon the felony murder rule, the trial judge arrested judgment on the discharging a firearm into occupied property charge and sentenced Petitioner to life imprisonment without parole on the

first degree felony murder charge. On August 29, 1997, Petitioner's appellant attorney filed an Anders[1] brief dated August 18, 1997, in the North Carolina Court of Appeals. On March 3, 1998, the North Carolina Court of Appeals issued an unpublished opinion finding no error in Petitioner's trial. Petitioner then submitted a pro se Motion for Appropriate Relief (MAR) in the Superior Court of McDowell County which was summarily denied on November 12, 1998. Petitioner's certiorari petition was denied by the North Carolina Court of Appeals on September 10, 1999. On November 16, 1999, Petitioner filed a pro se federal habeas petition with this Court which on September 7, 2000, was dismissed without prejudice for failure to exhaust his state remedies. (1:99cv238-MU). Petitioner filed a second MAR in state court dated November 13, 2000, which was denied on April 19, 2001. On April 14, 2003, Petitioner filed a Petition for Writ of Certiorari which was denied by the North Carolina Court of Appeals on May 5, 2003. On February 5, 2004, the North Carolina Supreme Court denied Petitioner's Petition for Certiorari Review of the order of the Superior Court of McDowell County and of North Carolina Court of Appeals.

On August 25, Petitioner filed the instant federal habeas petition. In his petition Petitioner alleges that the trial court erred by not allowing a severance of Petitioner's trial from that of his co-defendant and that he received ineffective assistance of counsel from both his trial and his appellate counsel.

## ANALYSIS

### A. APPLICABLE LAW

The threshold inquiries for a federal court reviewing a federal habeas petition are whether

---

[1] Anders v. California, 386 U.S. 738 (1967).

2

the petitioner has exhausted his claims before the appropriate state courts and whether those claims are procedurally barred. 28 U.S.C. § 2254. In order to exhaust a claim a petitioner must have fairly presented it to the state courts. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000).

If a petitioner's claim is unexhausted, it may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court. See id. However, when the procedural bar that gives rise to exhaustion provides an independent and adequate state law ground for the conviction and sentence it prevents federal habeas review of the defaulted claim unless the petitioner can establish cause and prejudice for the default. See id.

If a petitioner's claims are exhausted and not procedurally barred, the federal court must next examine whether or not the petitioner's claims were "adjudicated on the merits" by the state court. If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in 28 U.S.C. § 2254(d) applies. If a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits,[2] a federal court reviews the claims questions of law and mixed questions of law and fact de novo. Angelone v. Weeks, 176 F.3d 249, 258 (4th Cir. 1999), aff'd, 528 U.S. 225 (2000).

The standard of review set forth in § 2254(d) is to be applied to "all claims 'adjudicated on the merits,' that is, those claims substantively reviewed and finally determined as evidenced

---

[2] If the state court has not ruled on the merits of a claim because it has expressly denied a habeas petitioner's claim based upon an independent and adequate state procedural rule such claim is considered procedurally defaulted in federal court. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998).

3

by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999). The standard of review is "quite deferential to the rulings of the state court." Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001). This deference extends to summary dismissals. See Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000).

Pursuant to § 2254(d) a federal court may not grant a writ of habeas corpus unless the state court's adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ." Id. (internal citations omitted).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000), quoted in Burch. An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this Court may <u>not</u> issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. Id.

**B. SEVERANCE**

Petitioner alleges that the state trial court violated his federal constitutional rights, his North Carolina constitutional rights, and his federal and state statutory law rights when it failed to grant a severance of his trial from the trial of his co-defendant. Petitioner argues that this

failure deprived him of his right to a fair and impartial trial. (Fed. Hab. Form, Ground One).

Petitioner raised a federal severance claim in his 1998 and 2000 MARs. On November 12, 1998, and April 19, 2001, the North Carolina Superior Court summarily denied Petitioner's respective MARs stating that his MARs contained "no valid claim for relief." A summary dismissal is considered an adjudication on the merits sufficient to trigger § 2254(d)'s standard of review. See Bell v. Jarvis, 236 F.3d 149, 176 (4th Cir. 2000)(en banc). As set forth below, the state court's decision is correct and is not contrary to nor involves an unreasonable application of clearly established law as set forth by the United States Supreme Court. Nor is it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings.

The joinder of defendants for trial is a matter of state law[3] and federal habeas relief does not extend to mere errors of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)(federal habeas relief lies for errors of federal not state law); Fox v. Ward, 200 F.3d 1286, 1292 (10th Cir. 2000)(generally severance is a matter of state law). However, under the Due Process Clause of the United States Constitution, state courts must "proceed consistently with 'that fundamental fairness' which is 'essential to the very concept of justice'" during a criminal trial. Dunnigan v. Keane, 137 F.3d 117, 125 (2d Cir. 1998)(quoting Lisenba v. California, 314 U.S. 219, 236 (1941)). Consequently, state-law trial errors warrant habeas relief only when the "error rises to the level of depriving the defendant of fundamental fairness in the trial process." Serra v. Michigan Dep't Corr., 4 F.3d 1348, 1354 (6th Cir. 1993); see also Comer v. Schriro, 480

---

[3] Improper joinder itself does not violate the constitution. See United States v. Lane, 474 U.S. 438, 446 n.8 (1986).

5

F.3d 960, 985 (9th Cir. 2007)(habeas relief on improper joinder claim not warranted unless a petitioner establishes that the joinder rendered "petitioner's state trial fundamentally unfair and hence, violative of due process."); Fox, 200 F.3d at 1292 (habeas relief not warranted in the absence of a strong showing of prejudice). To obtain habeas relief for improper joinder, a petitioner must establish not just potential but actual prejudice. See Davis v. Coyle, 475 F.3d 761, 777 (6th Cir. 2007)(citing Herring v. Meachum, 11 F.3d 374, 377-78 (2d Cir. 1993)).

A review of the record reveals that Petitioner cannot satisfy the stringent standard of review set forth in 28 U.S.C. § 2254(d). Petitioner's broad and unsupported claim is insufficient to warrant habeas relief.[4] Indeed, Petitioner cites to no, and this Court can find no, clearly established Supreme Court precedent that the state court unreasonably applied.[5] Because Petitioner cannot establish that the state court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding his claim is dismissed.

---

[4] Petitioner provides no specifics whatsoever in his federal habeas claim with regard to this claim. Rather, he merely sets forth one general paragraph stating that the trial court's failure to sever his case from his co-defendants denied him his constitutional right to a fair and impartial trial. Petitioner makes no reference to his state MARS and this Court declines to comb through these state court filings to cull out an argument for Petitioner.

[5] Indeed, the Supreme Court has held that severance is not constitutionally required merely because defense theories conflict or because one defendant is attempting to cast blame on another. See Zafiro v. United States, 506 U.S. 534, 538 (1993).

## C. INEFFECTIVE ASSISTANCE OF COUNSEL[6]

### 1. Failure to Request Severance

Petitioner alleges that his trial counsel was ineffective because he failed to request a severance of Petitioner's trial from the trial of his co-defendant. Petitioner alleges that as a result the jury was unable to separate the evidence and determine which of the defendants actually acted as the "trigger man." Petitioner also alleges that the joinder of the trials resulted in identification testimony and procedures that were unnecessarily suggestive.

Petitioner raised an ineffective assistance of counsel claim based upon a failure to request a severance in both his 1998 and 2000 MARs. The 1998 MAR court summarily denied Petitioner's claim stating that his MAR contained "no valid claim for relief." The 2000 MAR court likewise summarily adjudicated and denied his claim by stating "the Court finds the Motion for Appropriate Relief now before the Court to have no valid claim for any relief and that the Motion should be denied." A summary dismissal is considered an adjudication on the merits sufficient to trigger § 2254(d)'s standard of review. See Bell v. Jarvis, 236 F.3d 149, 176 (4th Cir. 2000)(en banc). As set forth below, the state court's decision is correct and is not contrary to nor involved an unreasonable application of clearly established law as set forth by the United States Supreme Court. Nor is it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings.

The established Supreme Court precedent governing ineffective assistance of counsel

---

[6] Petitioner does not set forth these claims in his federal habeas petition. Rather, he merely attaches copies of his two motions for appropriate relief. While this Court believes that merely attaching a copy of a state court filing is wholly insufficient to set forth a federal habeas claim, out of an abundance of caution and because the State raised no objection, this Court will address Petitioner's claims found in his attachments.

claims is Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Petitioner alleges that his counsel was ineffective for failing to move to sever his trial from his co-defendant's trial. More specifically, Petitioner argues that because his case was not severed the jury was "unable to separate the evidence and apply it in connection as to which of the defendants actually acted as the triggerman." (1998 Mot. App. Relief). Petitioner further argues that the failure to sever resulted in "identification testimony and procedures that were unnecessarily suggestive . . . ." (Id.). In his second MAR Petitioner argued that his trial should have been severed because the defenses of the co-defendants were antagonistic; evidence was admitted that would have been excluded at a separate trial; and evidence was excluded that would have been admitted at a separate trial. (2000 Mot. App. Relief).

Under North Carolina law,[7] the question of whether defendants should be tried jointly or

---

[7] It is unclear to the Court why the State would rest its entire analysis of Petitioner's ineffective assistance of counsel claim for failure to move to sever on its federal severance analysis. As severance is typically a state law issue, whether Petitioner was prejudiced by his

separately is within the sound discretion of the trial judge.  See State v. Evans, 346 N.C. 221, 232 (1997).  Moreover, North Carolina has a "strong policy favoring the consolidated trials of defendants accused of collective criminal behavior."  See State v. Escoto, 162 N.C. App. 419, 425 (2004)(quoting State v. Barnes, 345 N.C. 184, 222 (1997)).  Mutually antagonistic defenses do not automatically require severance.  See State v. Rasor, 319 N.C. 577, 582-83 (1987).  Rather the test is whether the conflict in the defendant's respective positions at trial is such that, considering all the other evidence in the case, they were denied a fair trial.  Id.  In addition, the admission of evidence that would not be admitted in separate trials does not necessarily require severance.  See State v. Harrington, 171 N.C. App. 17, 23 (2005).

In the instant case, the trial judge was clearly aware of the antagonistic nature of the co-defendant's defenses and still chose not to sever the defendants.  (Tr. Trans., Vol One pp. 188-189; Vol. Two pp. 955).  Indeed, the trial court denied a pre-trial motion by Petitioner's co-defendant to sever (Resp. Mot. Summ J. at Ex. 9) and a renewed motion to sever made by Petitioner's co-defendant's counsel at the close of the prosecution's evidence.  (Resp. Mot. Summ. J. Ex. ;  Tr. Trans. Vol. Two p. 547).  Significantly, Petitioner does not present any argument as to why a motion by his counsel would have been successful when such a motion by co-counsel was denied.  As such, Petitioner has failed to carry his burden of establishing that he was prejudiced by his counsel's failure to move to sever his case from his co-defendants. Moreover, the Court notes that Petitioner's counsel did take exception to the trial court's denial of  co-defendant's  renewed motion to sever.  (Tr. Trans. Vol. Two at pp. 547-48).  Such action is

---

counsel's failure to move for severance in state court must be analyzed under state law.  As such, the State's reference to the due process severance analysis as the basis for determining whether counsel was ineffective is erroneous.

tantamount to joining the motion to sever and further undermines Petitioner's claim.

In addition, the state trial judge gave the jury a cautionary instruction to the jury reminding them that although the defendants were being tried together guilt must be proven against each one individually. (Tr. Trans. at pp. 1227-28). Limiting instructions often suffice to cure any risk of prejudice. See Zafiro, 506 U.S. 534, 539; United States v. Lane, 474 U.S. 438, 450 n.13 (1986).

In conclusion, Petitioner has failed to carry his burden of establishing that he was prejudiced by his counsel's failure to move to sever his case from that of his co-defendant. Consequently, Petitioner's ineffective assistance of counsel claim on this basis is dismissed.

**2. Failure to Perfect Appeal**

Petitioner alleges that his appellate counsel was ineffective because he filed an Anders brief to fulfill his appellate representation of Petitioner.[8]

Petitioner raised this ineffective assistance of appellate counsel claim in his 1998 MAR. The 1998 MAR court summarily denied Petitioner's claim stating that his MAR contained "no valid claim for relief." Such a summary dismissal is consider an adjudication on the merits sufficient to trigger § 2254(d)'s standard of review. See Bell v. Jarvis, 236 F.3d 149, 176 (4th Cir. 2000)(en banc). As set forth below, the state court's decision is correct and is not contrary to nor involved an unreasonable application of clearly established law as set forth by the United States Supreme Court. Nor is it based on an unreasonable determination of facts in light of the

---

[8] To the extent Petitioner is basing his ineffective assistance of appellate counsel claim on the office of the appellate defender's decision not to represent him due to its caseload, such a claim is wholly frivolous. Petitioner was represented by counsel on appeal. He has no right to a particular counsel.

evidence presented in the state court proceedings.

As stated previously, the established Supreme Court precedent governing ineffective assistance of counsel claims is Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Petitioner cannot establish that his appellate counsel's performance was deficient or that he was prejudiced. In Anders v. California, 386 U.S. 738 (1967), the Supreme Court held that appellate counsel fulfills his constitutional duty if, after a conscientious examination of the record, he finds an appeal to be wholly frivolous, he advises the court of this fact, requests to withdraw, and such request is accompanied by a brief referring to anything in the record that might arguably support the appeal. Id. at 744. Petitioner's appellate counsel assigned error in the record on appeal to the joinder of Petitioner's case for trial with his co-defendant and the denial of his motion to dismiss but presented no arguments. Petitioner's appellate counsel also informed Petitioner that in his opinion no error existed in Petitioner's trial and that Petitioner could file his own arguments with the appeals court if he wished to do so. Petitioner's appellate

counsel sent him copies of the transcript and the record on appeal and the appellate brief filed by counsel. In addition, Petitioner's appellate counsel referred Petitioner to a possible ineffective assistance of counsel claim. Petitioner's appellate counsel filed a brief with the court of appeals stating that he "is unable to identify an issue with sufficient merit to support a meaningful argument for relief."[9] Petitioner has not alleged, and this Court does not find, that Petitioner's appellate counsel failed to comply with the requirements of Anders.

Petitioner does not establish that the state court opinion denying his ineffective assistance of counsel claim because his appellate counsel filed an Anders brief was contrary to the precedent set forth in Strickland. As such his ineffective assistance of appellate counsel claim fails.

### 3. Conflict of Interest

Petitioner also alleges that his constitutional rights were violated because his counsel and co-defendant's counsel operated under a conflict of interest.

After reviewing the MARS attached to Petitioner's present federal habeas petition, it appears to the Court that Petitioner is asserting a conflict of interest between trial counsel based upon the fact they were representing defendants with antagonistic defenses. To the extent he is alleging a conflict of interest existed between trial counsel, he has failed to establish the existence of any conflict. The fact that different counsel are representing co-defendant's with antagonistic defenses simply does not set forth a conflict of interest claim under Cuyler. Nor has

---

[9] The North Carolina Court of Appeals found that appellant counsel had fulfilled his obligations pursuant to Anders and allowed counsel to withdraw from the case. The North Carolina Court of Appeals, pursuant to their obligation set forth in McCoy v. Court of Appeals of Wis., 486 U.S. 429 (1988), reviewed the case and found no errors and concluded the appeal was frivolous.

Petitioner satisfied the stringent standard of review in § 2254(d).[10]

For inexplicable reasons, Respondent appears to address the conflict of interest claim set forth by Petitioner in his first federal habeas petition that was dismissed without prejudice for failure to exhaust. In his 1999 federal habeas petition Petitioner alleges a conflict of interest between his appellate counsel and his appellate counsel's alleged partner's representation of his co-defendant at trial. Needless to say, that claim is not before this Court.

Even if this claim were before the Court, it is meritless. Respondent contends that Petitioner's allegation that a conflict existed is based upon Petitioner's assertion that his appellate counsel and his co-defendant's trial counsel "operated from the same firm." The record establishes that Petitioner's co-defendant's trial counsel was a sole practitioner. While co-defendant's trial counsel permitted Petitioner's appellate counsel to maintain a separate telephone line in his office and on occasion to use Petitioner's appellate counsel's office to interview clients, they never worked together as partners nor associated as a law firm. (Edwards Aff.¶ 6). These facts do not establish that a conflict existed. The record does not contain any facts to support a conclusion that a conflict existed other than Petitioner's conclusory assertion of the existence of such a conflict. Conclusory assertions are insufficient to support a habeas claim. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."). Moreover, Petitioner

---

[10] The established Supreme Court precedent governing ineffective assistance of counsel claims based upon a conflict of interest is Cuyler v. Sullivan, 446 U.S. 335, 350 (1980). To prevail on a conflict of interest claim, a petitioner must establish that an actual conflict existed and that the conflict adversely affected counsel's performance. See Cuyler v. Sullivan, 446 U.S. 335, 350 (1980).

does not explain how this alleged conflict adversely affected his appellate counsel's performance. Indeed, at the time of Petitioner's appeal, his co-defendant's case had gone in a different direction.[11] Consequently, Petitioner has not established that the MAR court's ruling was an unreasonable application of clearly established Supreme Court law.

### D. CROSS MOTION FOR SUMMARY JUDGMENT

Petitioner's Cross Motion for Summary Judgment does not provide a basis for granting Petitioner's federal habeas petition. As such, it is denied.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Respondent's Motion for Summary Judgment is **GRANTED**;

2. Petitioner's Cross Motion for Summary Judgement is **DENIED**; and

3. Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED**.

Signed: April 16, 2008

Graham C. Mullen
United States District Judge

---

[11] The jury deadlocked over Petitioner's co-defendant's guilt and a mistrial was declared. (Tr. Trans. Vol. One pp. 1280-81). Petitioner's co-defendant then pled guilty to manslaughter. Petitioner's co-defendant did not appeal.